UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARTIE DAVIDSON,

                      Plaintiff,

        v.

DESCHUTES COUNTY, JOHN and CAREN
BURTON, CHRIS KABER, and JENNIFER
GASPARD,

                      Defendants.

6:15-cv-00052-TC

FINDINGS & RECOMMENDATION

COFFIN, Magistrate Judge:

      Plaintiff brought this action raising claims for malicious prosecution, defamation, and false arrest asserted under both state and federal law related to a her arrest and prosecution for animal abuse. Plaintiff also sought a declaration about the constitutionality of the charges added to the indictment against her. After defendants filed dispositive motions, the court dismissed the case without prejudice to seek leave to amend to allege claims of malicious prosecution against the individual state actors. Plaintiff did not seek leave to amend and the court entered a judgment dismissing the case.

Page 1 - ORDER

Private individual defendants, John and Caren Burton now seek attorney fees pursuant to 42 U.S.C. § 1988. It does not appear that the County, deputy Sheriff Jennifer Gaspard, or Oregon State police officer Chris Kaber seek fees. Plaintiff asserted state law claims of malicious prosecution and defamation against the Burtons. The federal claims were directed at the remaining defendants.

The court granted summary judgment in favor of the Burtons based on a settlement agreement stipulation that the claims against the Burtons had been resolved in a Deschutes County case involving the same underlying facts. The court further granted summary judgment, to the extent a claim for defamation based on post-settlement conduct survived, because the court lacked jurisdiction due to a lack of a common nucleus of operative facts with the federal claims. In other words, none of the federal claims in this case were supported by facts relevant to the remaining state law claim against the Burtons. Accordingly, the defamation claim against the Burtons had no relation to any claims brought pursuant to 42 U.S.C. § 1983.

Pursuant to 42 U.S.C. § 1988, defendants prevailing in civil rights actions may be awarded attorney's fees where the action brought is found to be unreasonable. Mayer v. Wedgewood Neighborhood Coalition, 707 F.2d 1020, 1021 (9th Cir. 1983). Defendants note that plaintiff's claims against them were unreasonable because: (1) they spent considerable effort to explain why plaintiff's case lacked merit, but received no response requiring the filing of an answer and dispositive motion; (2) the court dismissed the claims because plaintiff had already released much of the claims and the court otherwise lacked jurisdiction to even hear the remaining claim; (3) plaintiff failed to offer objections to the recommendation to dismiss or to amend the complaint when given leave to seek to amend; (4) the entire case was dismissed on the first set of motions.

Plaintiff does not offer any substantive argument in response to the suggestion that her case was frivolous. Plaintiff does contend that fees under section 1988 are not available due to the lack of relation between the section 1983 claims and the defamation claim. The court finds that, given the release and lack of jurisdiction otherwise, the claims against the Burtons were unreasonable.

The Federal Civil Rights Act may provide for an award of attorneys' fees upon successful ancillary state law claims even where a federal constitutional claim ultimately fails. E.g., Maher v. Gagne, 448 U.S. 122, 132 (1980) (clarifying that attorney's fees under Section 1988 are available in cases "in which the plaintiff prevails on a wholly statutory, non-civil rights claim pendent to a substantial constitutional claim"); Milwe v. Cavuoto, 653 F.2d 80, 84 (2d Cir. 1981) (holding that attorney fees may be awarded as against a defendant found to have committed the state law tort of assault, a claim pendant to the Section 1983 claim, even though defendant was not found to have committed a violation of federal constitutional law). The Ninth Circuit Court of Appeals has held that, when the plaintiff in a civil rights action prevails on a pendent state claim based on a common nucleus of operative fact with a substantial federal claim, fees may be awarded under Section 1988. Carreras v. City of Anaheim, 768 F.2d 1039, 1050 (9th Cir. 1985); cf. Mateyko v. Felix, 924 F.2d 824, 828–29 (9th Cir. 1990) (denying Section 1988 fees for successful pendant state law claims if plaintiff "loses on his federal claim").

The malicious prosecution claim, had it not been released, arguably shared a common nucleus of facts to what may have been appropriate claims under section 1983 had plaintiff chosen to flesh out the pleadings. However, the defamation claim, as already noted, did not. Accordingly, defendants may recover reasonable fees associated with that claim only.

Defendants, as the party seeking fees, have the burden of showing that time spent by their attorney was reasonably necessary. Gates v. Deukmajian, 987 F.2d 1392, 1397 (9th Cir. 1992); Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 886 F.2d 1545, 1557 (9th Cir. 1989). In order to support a finding of reasonableness, defendants must document the hours spent in the litigation and provide evidence supporting those hours. Gates, 987 F.2d at 1397. Plaintiff, as the party opposing the fees, must then rebut defendants' evidence by "challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Id. at 1397-98.

In determining the reasonableness of fees, the court is not required to respond to each specific objection. Id. at 1400. Rather, all that is required is a "concise but clear" explanation of reasons for the fee award. Id.

Calculating a "reasonable attorney's fee" involves a two pronged approach. A court must first calculate a lodestar figure by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. Blum v. Stenson, 465 U.S. 886, 888, 104 S.Ct. 1541, 1543 (1984). This lodestar figure is presumed to represent an appropriate fee. Under certain circumstances, however, a court may adjust the award upward or downward to take into account the Kerr factors not subsumed within the initial lodestar calculation. Cunningham v. County of Los Angeles, 879 F.2d 481, 487 (9th Cir. 1988).[1]

---

[1] The Kerr factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Kerr v. Screen Guild

Page 4 - ORDER

Reasonable hourly rates are those that the local legal market would pay for a case of this nature to a lawyer of comparable skill, experience, and reputation to plaintiff's counsel of record. Blum, 465 U.S. at 897. Blum, instructs courts to look at the prevailing rates in the relevant market. Id. at 895, n. 11. Defendants counsel, who has 28 years of experience, charged $250 per hour. The 2012 Oregon State Bar economic survey reveals that the median hourly rate for a defense attorney practicing in Oregon was $291 per hour with an average of $250. An attorney with 28 years of experience practicing in the Lower Willamette Valley averaged $277 per hour as of 2012. The hourly rate charged by counsel is reasonable.

The fee claimant must next demonstrate that the number of hours spent was reasonable and that counsel made a good faith effort to exclude excessive, redundant, or unnecessary hours. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). Here, counsel seeks $4,650 for 18.6 hours of work. There appears to be no effort to single out work solely related to the effort to attack the defamation claim beyond the release issue. While any effort regarding the release is necessarily related to the malicious prosecution claim, the effort attacking the claim based on the statute of limitations is not. However, parsing out the amount of time spent on the statute of limitation issue does not appear feasible as it was a small part of the motion.[2] Accordingly, the court should reduce the request by 10% as the statute of limitations argument was a minor part of defendant's summary judgment

---

Extras, Inc., 526 F.2d 67, 70 (9th Cir 1975). Among the many subsumed factors in the lodestar calculation are the novelty and complexity of the issues involved, the special skill and experience of counsel, and the results obtained. Cabrales v. County of Los Angeles, 864 F.2d 1454, 1464 (9th Cir. 1988).

[2]The court notes that neither party addressed the relation of any claims to the section 1983 claims for purposes of supplemental jurisdiction over the state law claims. Thus, counsel likely did not keep track of which hours were dedicated to the issues not related to the claims over which the court had jurisdiction.

Page 5 - ORDER

motion. Therefore, the court should find that defendants' counsel reasonably spent 16.74 hours on claims compensable under section 1988 and award fees in the amount of $4,185.

## CONCLUSION

For the reasons stated above, defendants John and Caren Burton's motion for attorneys' fees (#38) should be allowed in the amount of $4,185.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 8th day of October 2015.

                                         s/Thomas M. Coffin
                                         THOMAS M. COFFIN
                                         United States Magistrate Judge