IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARTIE DAVIDSON,                                    Case No. 6:15-cv-00052-TC
                                                                    ORDER

          Plaintiff,

     v.

DESCHUTES COUNTY, JOHN AND
CAREN BURTON, CHRIS KABER,
and JENNIFER GASPARD,

          Defendants.

_____

Mikel R. Miller
Law Office of Mikel R. Miller, P.C.
26 N.W. Hawthorne Avenue
Bend, Oregon 97703
      Attorney for Plaintiff

Geordie Duckler
The Animal Law Practice
9397 S.W. Locust Street
Tigard, Oregon 97223
      Attorney for Defendants John and Caren Burton

AIKEN, Chief Judge:

Magistrate Judge Coffin filed his Findings and Recommendation on February 13, 2013. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). When a party objects to any portion of a Magistrate's Findings and Recommendation, the district court must make a <u>de novo</u> determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); <u>McDonnell Douglas Corp. v. Commodore Bus. Mach.</u>, 656 F.2d 1309, 1313 (9th Cir. 1981).

Plaintiff brought this action asserting state law claims of malicious prosecution and defamation against defendants John and Caren Burton ("the Burtons"). Plaintiff also asserted various claims against defendants Deschutes County, Chris Kaber, and Jennifer Gaspard, including a claim for false arrest pursuant to 42 U.S.C. § 1983. Compl. ¶¶ 37-72. On June 24, 2014, Magistrate Coffin dismissed plaintiff's defamation claim against the Burtons and granted summary judgment for the Burtons on plaintiff's malicious prosecution claim. (doc. 31 at 7, 12) (doc. 33, adopting Findings and Recommendation). The court also dismissed all claims against the other defendants. (doc. 31 at 1). Plaintiff declined to amend the complaint.

Plaintiff now objects to Magistrate Coffin's Findings and Recommendation awarding $4,185 in attorney's fees to the Burtons for time billed regarding plaintiff's malicious prosecution claim.

Obj. to Findings and Recommendation 1. Because plaintiff asserted no federal claims against the Burtons, the Burtons can recover attorney's fees under 42 U.S.C. § 1988 only if they demonstrate plaintiff's federal false arrest claim and her state malicious prosecution claim share a common core of facts. See, e.g., Maher v. Gagne, 448 U.S. 122, 132 (1980) (awarding attorney's fees for a state law claim pendent to a substantial constitutional claim); Carreras v. City of Anaheim, 768 F.2d 1039, 1050 (9th Cir. 1985) (where a common nucleus of operative facts exists between a substantial federal claim and a pendent state claim, attorney's fees may be awarded pursuant to Section 1988).

Plaintiff asserts Magistrate Coffin erred in holding a common core of facts exists between her false arrest and malicious prosecution claims. Obj. to Findings and Recommendation 2. In support of her malicious prosecution claim, plaintiff alleged the Burtons "pushed the Deschutes County District Attorney to charge someone" and "pushed for prosecution of [plaintiff] with no reason to believe she had done anything to deserve prosecution." Compl. ¶¶ 55, 57. In support of her false arrest claim, plaintiff alleged defendants Kaber and Gaspard "refused to investigate whether the facts admitted to by [p]laintiff could have caused the injuries they sought to blame on [p]laintiff" and were "more interested in pacifying the Burton[s than] they were interested in pursuing the truth." Id. at ¶ 63. The complaint confirms Magistrate Coffin's

conclusion: plaintiff's claims for false arrest and malicious prosecution arise out of a common core of facts because both claims involve facts leading up to and motivating the prosecution of plaintiff.

Plaintiff further objects to Magistrate Coffin's award because, though plaintiff "could have amended her claim," she was unable to do so due to "the emotional damage inflicted on [p]laintiff, and her own personality, [which] prevented her from being able to see the matter through to the end." Obj. to Findings and Recommendation 2. Plaintiff's subjective motivation for deciding not to amend her defamation claim is irrelevant to determining whether the Burtons are entitled to attorney's fees in connection with the malicious prosecution claim.

I have given the file of this case a de novo review. I ADOPT Magistrate Coffin's Findings and Recommendation (doc. 41) allowing defendants John and Caren Burton's motion for attorney's fees (doc. 38) in the amount of $4,185. Plaintiff's request of this Court to deny defendants' petition for attorney's fees is DENIED.

IT IS SO ORDERED.

Dated this 10th day of December 2015.

_____
Ann Aiken
United States District Judge